**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICARDO ONOROTO, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-01040 |
| | ) | |
| FIRSTSOURCE ADVANTAGE, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ricardo Onoroto, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1.This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3.Defendant sent Plaintiff a collection letter which falsely threatened take an action that was not intended to be taken in violation of the FDCPA.

4.Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6. Plaintiff, Ricardo Onoroto ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent debt allegedly owed for Capital One Bank (USA), N.A. consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Firstsource Advantage, LLC ("Firstsource"), is New York limited liability company that does or transacts business in Illinois. Its registered agent and office is C T Corporation System, located at 208 S. LaSalle St., Suite 814, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. Firstsource is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Firstsource is a licensed collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. Firstsource regularly collects or attempts to collect defaulted consumer debts owed or due another, and is therefore it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

2

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes originally for a consumer credit card account with Capital One Bank (USA), N.A. The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to Plaintiff's financial circumstances, he could not pay any debts and the alleged debt went into default.

13. Firstsource was subsequently hired or retained to collect the alleged debt.

14. On or about February 10, 2017, Firstsource sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The letter conveyed information regarding the alleged debt, including an account number, the identity of the original creditor and an amount.

16. The Letter is thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The Letter states in relevant part:

> Please note, failure to resolve this debt will result in your account being forwarded by Capital One to an attorney in your state for **possible legal action.**

(Exhibit C) (emphasis added)

18. Plaintiff believed, and the unsophisticated consumer would believe, that at the time Firstsource made the statement, legal action was possible on the account.

19. However, at the time the Letter was sent, no attorney had reviewed the particular circumstances of Plaintiff's alleged account.

3

20. Further, Firstsource does not employ any attorneys that review consumer accounts.

21. Firstsource states that legal action is possible to make Plaintiff believe that he would be sued if he did not agree to settle the account with Firstsource, whether or not legal action was possible.

22. Firstsource made this threat in an attempt to coerce Plaintiff into paying the balance on the alleged debt.

23. Conditional language (i.e. "*possible* legal action"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

24. Firstsource's threat was intended to make the consumer afraid of a lawsuit or other legal action, even though the account had not been reviewed by any attorney when the letter was mailed to Plaintiff.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. Firstsource made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened possible legal action against Plaintiff, when, in fact, no law firm or lawyer had reviewed the account.

27. The threat of "possible legal action" communicates to the unsophisticated consumer that "the price of poker has just gone up," and is designed "to get the debtor's knees knocking. *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996).

28. Firstsource could have avoided any problems by simply omitting any reference to legal action.

29. Further, Firstsource is not a law firm and does not file lawsuits on behalf of creditors.

30. Therefore, it is not authorized to threaten a citizen of Illinois with legal action on behalf of another company.

31. In Illinois, only an attorney may threaten legal action on behalf of another party.

32. Firstsource is engaging in the unauthorized practice of law when it threatens legal action on behalf of its client, Capital One Bank (USA), N.A.

33. Engaging in the unauthorized practice of law in connection with the attempt to collect a debt constitutes an unfair practice.

34. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

35. Firstsource used unfair means to collect a debt, in violation of 15 U.S.C. § 1692f, when is threatened the possibility of legal action without being authorized to practice law in Illinois.

36. Collection agency letters threatening legal action constitute unauthorized practice of law. *Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) (non-lawyer collector who threatened to sue violated FDCPA); *State ex rel. Porter v. Alabama Ass'n of Credit Executives*, 338 So. 2d 812 (Ala. 1976) (letters threatening legal action constitute unauthorized practice of law).

37. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (*citing Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Firstsource's threat of "possible" legal action could cause Plaintiff, who could not afford to pay all of his debts, to prioritize the alleged debt over other debts or over food and rent, or could cause Plaintiff to enter into a payment arrangement using exempt funds to pay, such as social security or unemployment, out of fear of being sued.

38. Plaintiff experienced negative emotions about Defendant's false threats, including annoyance, aggravation, and other garden variety emotional distress.

39. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

41. Firstsource made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened possible legal action against Plaintiff, when, in fact, no law firm or lawyer had reviewed the account.

42. Firstsource used unfair means to collect a debt, in violation of 15 U.S.C. §1692f, when is threatened the possibility of legal action without being authorized to practice law in Illinois.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
Celetha Chatman

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com